UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
_____

MARK POLK
    Plaintiff

v.                                                    Docket No. 2:12-cv-02355
SHELBY COUNTY SCHOOLS,
JOHN S. AITKEN, LOIS WILLIAMS, DAVID PICKLER,
CHAD STEVENS, BREEN STEVENS (individually),
DAN HADDOW, JEFFRY COZZENS, THOMASENA STUCKETT,
and JANE GATEWOOD
                Defendants.
_____

COMPLAINT FOR DISCRIMINATION
_____

        Comes now the Plaintiff, Mark Polk, by and through his attorneys, Juliet Hill-Akines and Victoria W. Gillard, and files this his complaint under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution which (the First provides freedom of speech, the Fifth provides Due Process and protects against governmental abuse of authority in a legal procedure, the Sixth Amendment provides a victim the right to be present and heard at any critical stage of a judicial proceeding and the Fourteenth Amendment's Due Process Clause which prohibits state and local government from depriving victims of life, liberty or property without a fair hearing as an independent violation under 42 U.S.C. 1983), also including but not limited to these additional causes of actions: Defamation, Intentional Interference with Contractual/Business relations, Malicious Harassment  and breach of contract.

       1.    Plaintiff, Mark Polk, resides at 3224 Star Garden Cove, Bartlett, Shelby County, TN 38134, and at all times relevant hereto Mark Polk was and is considered a tenured teacher within the definition of T.C.A. § 4-5-501 et seq., Tennessee's Teacher Tenure law.

       2.    Defendant, Shelby County Schools, is a political subdivisions of the State of Tennessee, and are subject to the provisions of the Tennessee Governmental Tort Act, T.C.A. §29-20-205.

       3.    Defendants John S. Aitken and Lois Williams are/were the presiding Superintendent and Assistant Superintendant, respectively of the Shelby County Schools.

4. Defendant David Pickler is/was the presiding Chairman of the Shelby County Schools.

5. Defendant Chad Stevens is/was the presiding Vice Principal of Bolton High School, of the Shelby County Schools system.

6. Defendant Breen Stevens is/was the officer of the Bartlett Police Department and acting agent of the Shelby County Schools system.

7. Defendant Dan Haddow is/was the presiding Principal of Bolton High School, of the Shelby County Schools system.

8. Defendant Jeffry Cozzens is/was the presiding Principal of Arlington High School, of the Shelby County Schools system.

9. Defendant Thomasena Stuckett is/was the Vice Principal of Arlington High School, of the Shelby County Schools system.

10. Defendant Jane Gatewood is/was the Vice Principal of Bartlett High School, of the Shelby County Schools system.

11. At all times relevant hereto, the Defendants, Shelby County Schools and its agents and employees acting in the course and scope of their employment, undertook to deprive Plaintiff of certain rights and liberties guaranteed to be protected under the Constitution of these United States.

12. In March 2009, Zarah Polk, Plaintiff's then current wife, made accusations to the Bartlett Police Department that Plaintiff had abused their youngest son, Michael Polk, and had sexually molested his fourteen year old daughter by his previous wife.  Zarah Polk made said allegations knowing them to be untrue.

13. Both allegations were investigated by the Department of Children Services and were found to be without merit.  The allegation of sexual molestation was also investigated and found to be without merit by the Bartlett Police Department.  During said time, Plaintiff was put on

administrative leave with pay until the investigation was completed.  A letter from the Bartlett Police was delivered to the Defendant, Shelby County Schools, whereupon Plaintiff was able to return to his tenured position as chemistry teacher at Bolton High School in Arlington, Tennessee.

14.  Plaintiff was told by Defendant, Lois Williams (Assistant Superintendent of Shelby County Schools), that he would be terminated if arrested again.  In May 2009, Plaintiff's then current wife, Zarah Polk, had a restraining order issued against Plaintiff.  On May 23, 2009, before the restraining order was served on Plaintiff, he was arrested for taking pictures of boxes in Lynn Logan's (a family friend) garage which contained property stolen from the marital home.

15.  At the time of the arrest, Plaintiff informed officers that he had not been served with a restraining order and therefore had no reason to know or believe that he was in violation of an order for taking the pictures.

16. This arrest occurred despite T.C.A. section §39-13-113 (f), which states "in order to constitute a violation of this section, (1) the person must have received notice of the request for an order of protection or restraining order; (2) the person must have had opportunity to appear and be heard in connection with the order of protection or restraining order…

17. This arrested resulted in the Plaintiff's being placed on administrative leave by Defendant, John Aitken (Superintendent), with pay.

18.  The divorce court, who had originally issued the order of protection, in the Final Decree found specifically that there had been no violation of the Order of Protection and that said Order of Protection should be immediately dismissed and dissolved.  The matter was also taken to the Criminal Courts of Shelby County who followed suit and further dismissed the pending criminal actions there.

19. The Plaintiff provided the Defendants with a copy of the Final Decree which reflected the courts findings. The Plaintiff was able to return to his position as a chemistry teacher at Bolton High School in Arlington, Tennessee.

20. On or about November 16, 2009, Plaintiff and Zarah Polk had a verbal altercation resulting in the police being called and Breen Stevens responded to the call. Breen Stevens is the nephew of Defendant, Chad Stevens, who was at the time an assistant principal at Bolton High School.

21. Breen Stevens arrested Plaintiff for assault. Plaintiff was subsequently suspended without pay. It is Plaintiff's contention that Breen Stevenson is an agent of the Shelby County School as he was acting under the Color of Law in the malicious harassment, arrest and subsequent communication(s) had with Chad Stevens, his uncle and Principal at Bolton High School.

22. Plaintiff discussed his unpaid suspension with Defendant, Assistant Superintendent Lois Williams, after he was released on bail. During the discussion, Defendant Williams stated that Defendant, Dan Haddow, did not want Plaintiff to return to Bolton High School.

23. On November 17, 2009, Plaintiff was put on unpaid suspension for being arrested and was later advised of his status in a letter sent by certified mail from Defendant Lois Williams, who was acting on behalf of Defendant, Superintendent John Aitkens. This suspension was not supported by T.C.A. 49-5-511, which states in pertinent parts as follow:

(a)(1) No teacher shall be dismissed or suspended except as provided in this part. (2) The causes for which a teacher may be dismissed are as follows: incompetence, inefficiency, neglect of duty, unprofessional conduct and insubordination, as defined in 49-5-501. (3) A director of schools may suspend a teacher at any time that may seem necessary, pending investigation or final disposition of a case before the board or an appeal. If vindicated or

reinstated, the teacher shall be paid the full salary for the period during which the teacher was suspended. (4) When charges are made to the board of education against a teacher, charging the teacher with offenses that would justify dismissal of the teacher under the terms of this part, the charges shall be made in writing, specifically stating the offenses that are charged, and shall be signed by the party or parties making the charges. (5) If, in the opinion of the board, charges are of such a nature as to warrant the dismissal of the teacher, the director of schools shall give the teacher a written notice of this decision, together with a copy of the charges and a copy of a form, which shall be provided by the commissioner of education, advising the teacher as to the teacher's legal duties, rights and recourse under the terms of this part."

24. Plaintiff subsequently received notice that the Defendant, Shelby County Schools intended to terminate him for being arrested, and he had five days to request a hearing, which was done and completed by certified mail in a timely manner.

25. Plaintiff requested a hearing be conducted after the charges were resolved in court. There was no response from the Defendant Shelby County Schools, despite the procedures outlined in T.C.A. 49-5-512.

26. On or about January 28, 2010, Plaintiff requested by certified mail that a Board hearing be held at the earliest possible date. Again, there was no response from Defendant Shelby County Schools.

27. There was an interim position available at Bolton High School at this time. Plaintiff asked to fill the position but was denied, as a result of a previous disagreement with Defendant, Principal Dan Haddow's paramour, both of whom are still employed by Bolton High School. This was a violation of T.C.A. 49-5-51(b)(3) which states that Plaintiff's name should have been placed on a preferred list for rehire.

28. Plaintiff was then sent to Arlington High School to teach Physics under Defendant, Principal Jeffry Cozzens.  Although he understood the position was initially an interim position, Plaintiff was told by Defendant Cozzens on the first day that he was a permanent employee at the school.

29. Plaintiff was subsequently harassed by Defendant Principal Jeffry Cozzens, and Defendant Vice Principal Thomasena Stuckett.  Much of the harassment included but not necessarily limited to Plaintiff's use of equipment in the class room and his requirement to provide lesson plans, which is generally a ploy when trying to fire teachers.

30. In April the Physics teacher who was on leave resigned.  Plaintiff and Defendant Jeffry Cozzens had a discussion whereby Defendant Cozzens, informed Plaintiff that the position was his.  However, on the last day of school, Plaintiff was informed that his employment at Arlington High School was terminated.

31. In July 2011, Plaintiff had a conversation with Defendant Superintendent John Aitken, regarding his ability to return to Arlington High School at which time he was informed that Defendant Cozzens did not want Plaintiff to return.

32. On August 1, 2011, Plaintiff received a call from Defendant Assistant Superintendent Lois Williams to report to Bartlett High School.  Plaintiff was further informed that he would be teaching physics and chemistry.

33. On August 2, 2011, Plaintiff met with Principal Mac Hawkins and Defendant Vice Principal Jane Gatewood and was informed that this was his last chance to teach in the Shelby County School System.

34. Defendant, Vice Principal Gatewood, on the first day of introductions abruptly stated that she did not like Plaintiff or his attitude.  The Plaintiff responded positively that he was happy to be at Bartlett High School.  Principal Hawkins informed Plaintiff that he would be

retiring at the end of the school year and that he could guarantee his employment for that year but could not make promises for the future.

### DEFAMATION AND INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

35. Paragraph one through thirty four are herby re-allege and incorporated fully by referenced as if fully set forth herein.

36. The above actions were intentional, willful and wanton and merit the award of punitive damages.

37. The Plaintiff has suffered extreme embarrassment, humiliation, emotional distress and *loss of income*, loss of enjoyment of life as a result of Defendant's actions which are the proximate cause of those damages.

### MALICIOUS HARASSMENT

38. Paragraphs one through thirty seven are hereby re-alleged and incorporated in full by references as if fully set forth herein.

39. Defendants intentionally and maliciously harassed and intimidated Plaintiff in that Defendants told Plaintiff that he would be terminated if arrested again and although he was subsequently arrested, the charges were false and he was not allowed to present his case before being terminated.

40. Defendants intentionally and maliciously harassed and intimidated Plaintiff in that Defendants required the Plaintiff to perform duties of "new hire" instead of tenured teachers such as Plaintiff.

41. Defendant's actions were done without any legitimate purpose and were done maliciously and knowingly to harass and intimidate Plaintiff.

42. As a direct and proximate result of the malicious harassment described herein by the Defendants, Plaintiff suffered lost income, severe emotional distress and mental anguish in that Plaintiff is unable to sleep or function normally, fearful that he would lose his job and fright.

43. The actions by the Defendants toward Plaintiff constitute malicious harassment as contemplated by T.C.A. 4-21-701 for which Defendants are liable in damages.

44. The acts of Defendants described above were willful and intentional with intent to cause Plaintiff emotional distress, upset and annoy Plaintiff, and were willful and in conscious disregard of Plaintiff's rights such that exemplary and punitive damages should be awarded to deter Defendants and others from such actions in the future.

45. Plaintiff is further entitled to recover reasonable attorney fees from Defendants pursuant to T.C.A. 4-21-701.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Paragraphs one through forty-five are hereby re-alleged and incorporated in full by references as if fully set forth herein.

47. The Defendants participated in a common design through a concerted act to deny the Plaintiff his tenured position and status.

48. In committing the aforementioned acts, each Defendant directly and proximately injured, damaged, libeled, and caused emotional distress to the Plaintiff herein. Plaintiff Polk was subjected to severe emotional distress, including three heart attacks, and loss of enjoyment of life.

49. Upon information and belief Defendants acts were extreme and outrageous; Defendants intended to inflict emotional distress and psychological trauma on Plaintiff Polk. Defendants were motivated by spite and ill-will such that punitive damages are warranted.

50. Plaintiff alleges that Defendants conspired with each other; otherwise there is no reason for the Plaintiff to be faced with threats and informed that he was not liked on the first day of his arrival to Bartlett High School.

51. All of the acts and failures to act alleged herein were duly performed by and attributable to each Defendant, acting as alter ego, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants as stated in this Complaint. Whenever and wherever reference is made in this complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/or severally.

Violation of Civil Rights Act of 1865, 1871, 1964, 1991 as amended Pursuant to Title VII ; 42 U.S.C. §1983

52. Plaintiff re-alleges all allegations contained in paragraphs one through fifty-one of the Complaint and incorporate said paragraphs by reference as if stated verbatim herein.

53. Defendants acted under color of law to deprive Plaintiff Polk of certain constitutionally protected rights under the First, Fifth, Sixth and Fourteenth Amendment to the Constitution of the United States including, but not limited to freedom of speech, the right not to be deprived of liberty without due process of law; the right not to be deprived of property without due process of law.

54. Plaintiff Polk, a qualified Physics/Chemistry teacher with the Shelby County School System for over fifteen years and is a tenured teacher. Said status vested with Plaintiff a protected property interest in his employment.

55. The actions of Defendants amounted to termination.

56. Plaintiff alleges the effect of the practices and policies of Defendants, complained of have been to deprive Plaintiff of his federally protected rights.

57. Plaintiff would further allege that the unlawful practices were intentionally hostile which created a hostile work environment for Plaintiff.

58. Defendant, Shelby County took no action to prevent, address or correct the harassment Plaintiff suffered on a daily basis for the past three years.

59. All of the acts and failures to act alleged herein were duly performed by and attributable to each Defendant, acting as alter ego, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants as stated in this Complaint. Whenever and wherever reference is made in this complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/or severally.

## HOSTILE WORK ENVIRONMENT

60. Plaintiff re-alleges all allegations contained in paragraph one through fifty-nine of the Complaint and incorporate said paragraphs by reference as if stated verbatim herein.

61. Plaintiff further alleges that each Defendants were made aware of the harassing conduct but failed to take adequate steps to prevent it from continuing, resulting in a hostile work environment.

62. Plaintiff further alleges that he was constructively discharged from his employment by Defendants without a hearing.

63. Plaintiff would further allege that when he complained about the harassment and intimidation, his complaints were ignored.

64. Plaintiff would further allege that the unwelcomed harassing acts were sufficiently severe or pervasive to alter the terms and condition of Plaintiff's employment that it created and abusive working environment.

65. Plaintiff alleges the effect of the practices complained of has deprived him of equal employment opportunities and to otherwise adversely affect his status as a tenured employee.

66. Plaintiff would further allege that the unlawful employment practices were intentional.

67. Plaintiff alleges that the unlawful employment practices complained of were done with malice and reckless indifference to the federally protected rights of Polk.

68. As a direct and proximate cause result of the aforesaid acts and omissions of Defendants, Polk has suffered emotional pain, suffering, and inconvenience, lose of enjoyment of life, humiliation, and damages, according to the proof provided.

69. As a direct and proximate cause result of the aforementioned acts and/or omissions of each of the Defendants, Plaintiff suffered mental and emotional anguish, and compensatory and actual damages, from then until now, and he will continue to suffer in the future; he has also suffered monetary damages.

WHEREFORE, Plaintiff respectfully requests the following relief from this Honorable Court against all of the Defendants herein, jointly and severally:

1. A declaratory judgment that Defendant's policies, practices, and actions complained of herein are illegal and unconstitutional.

2. An award for Plaintiff against Defendants jointly and severally in the amount of $3,000,000.00.

3. That this Honorable Court award Plaintiff punitive damages against the appropriate Defendants in the amount of $5,000,000.00.

4. That Plaintiff be awarded the costs of this action.

5. That a jury hears these issues to be joined.

6. That Plaintiff be allowed to make any further amendments to claims or add other Defendants as discovery may warrant.

7. Order Defendant employer to make whole Polk by providing compensation for non pecuniary losses, including emotional pain and suffering, psychological and emotional injuries in an amount to be proven at trial.

8. Order Defendant employer to pay punitive damages for its malicious and reckless conduct described above in an amount to be determined at trial.

9. For a speedy trial.

10. For such other relief both general and specific for which Plaintiff may prove entitled.

Respectfully Submitted,

/s/Juliet Hill-Akines # 17410
/s/ Victoria W. Gillard #22803
3030 Covington Pike #270
Memphis, TN 38128
(901) 522-0009

AFFIDAVIT

I, Mark Polk, do hereby certify that the information in the foregoing Complaint is true and correct and that I am justly entitled to the relief sought.

/s/Mark Polk

Sworn to and Subscribed
Before me this 27th day of
April, 2012

/s/Juliet Hill-Akines
Notary

My Commission Expires:
April 27, 2015